COMMONWEALTH OF VIRGINIA
VIRGINIA EMPLOYMENT COMMISSION



DECISION OF COMMISSION

| | |
|---|---|
| In the Matter of: | Date of Appeal to Commission: March 3, 2025 |
| Mark A. Pifer<br>S. S. No. xxx-xx-6444 | Date of Review: March 14, 2025 |
| | Place: RICHMOND, VIRGINIA |
| Shirley Contracting Co., LLC<br>c/o Equifax Workforce Solutions<br>Columbus, Ohio | Decision No.: 145030-C |
| | Date of Mailing: April 14, 2025 |
| | Final Date to File Appeal to Circuit Court: May 14, 2025 |

---oOo---

This case came before the Commission on a timely appeal by the claimant of an Appeals Examiner's decision (UI-25001728) which was mailed out on February 25, 2025.

### ISSUES

Did the claimant voluntarily leave work without good cause as provided in Section 60.2-618(1) of the Code of Virginia (1950), as amended?

Was the claimant discharged due to misconduct connected with work as provided in Section 60.2-618(2) of the Code of Virginia (1950), as amended?

### FINDINGS OF FACT

The claimant filed a timely appeal to an Appeals Examiner's decision which affirmed a prior Decision of Deputy. The Deputy had denied benefits, effective January 12, 2025. Both the Deputy and the Appeals Examiner concluded that the claimant had voluntarily left work without good cause.

Mark A. Pifer                    -2-              Decision No. UI-145030-C

The claimant worked for Shirley Contracting Co., LLC from March 20, 2023 to November 12, 2024. His job title was as a heavy equipment operator. His final pay rate was $27.75 per hour. He was a full-time employee.

On November 4, 2024, the claimant received a job offer from another employer, Performance Industrial Contractors. The offer was for work as a heavy equipment operator, and it was full-time employment. The offered job paid $35.00 per hour, but did not offer any benefits. The claimant decided that it was in his best interest to accept this job offer. He did not inform his current employer that he was going to accept other employment. Instead, he stopped reporting to work as scheduled after November 12, 2024. He did subsequently inform this employer that he had obtained other employment when they called him to find out why he was no longer reporting to work. The claimant worked for his new employer from November 18, 2024 to December 20, 2024, when he was laid off by the new employer.

The claimant filed his initial claim for benefits on January 14, 2025. That claim was effective January 12, 2025. On January 24, 2025, the Commission received an online response from the employer regarding this separation. The employer indicated that the claimant had voluntarily left work to accept other employment.

On January 29, 2025, a Decision of Deputy was issued which denied the claimant benefits, effective January 12, 2025. In that decision, the Deputy concluded that the claimant had voluntarily left work without good cause. On January 30, 2025, the claimant appealed that decision.

On February 4, 2025, a Notice of Telephonic Hearing Before an Appeals Examiner was sent out to both parties at their respective addresses of record. That hearing was scheduled for February 20, 2025, between 9:00 a.m. and 12:00 p.m. Both parties were advised that they needed to register in advance to participate in that hearing. They were also advised that if they did not register in advance as directed, they would not be called for that hearing.

Prior to February 20, the claimant registered in advance as directed, but the employer did not. On February 20, the Appeals Examiner convened the hearing as scheduled. She was able to contact the claimant directly by phone. The employer was not called because they had not registered in advance.

Mark A. Pifer                    -4-                 Decision No. UI-145030-C

Since it has been determined that this separation was voluntary in nature, the burden shifts to the claimant to establish that good cause existed for his decision to leave. The available evidence is sufficient to establish that the claimant left this job to accept other employment. It is also sufficient to establish that this other employment was offered to the claimant before he stopped working for this employer. The evidence is also sufficient to establish that the claimant reasonably believed that it was in his best interests to accept the new employment. While there is some evidence that the claimant gave up some benefits he had with this employer when he left to accept the other employment, that evidence is not sufficient to establish that this loss of benefits rendered his decision to leave any less reasonable. The new employment paid a higher hourly rate, had better hours, and was also full-time employment. The claimant has satisfied all the requirements under Taylor, Townsend, and Harbert, so good cause has been established for his voluntary separation from Shirley Contracting Co., LLC.

Section 60.2-528(C)(2) of the Code of Virginia provides that no benefit charges shall be deemed the responsibility of an employer of an individual who voluntarily left employment in order to accept other employment, genuinely believing such employment to be permanent.

Because the claimant in this case has shown that he genuinely believed that the new job would be permanent, this case is REFERRED to the Benefit Payment Charge Unit to determine whether the employer should be relieved of charges.

<u>DECISION</u>

The Appeals Examiner's decision is reversed.

The claimant is allowed benefits, effective January 12, 2025, with respect to his separation from the services of Shirley Contracting Co., LLC.

David C. Jackson
Special Examiner